UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

URIEL OSORNIO,

    Petitioner,

v.

ERIN REYES, Superintendent,

    Respondent.

Case No. 2:22-cv-00910-MC

OPINION AND ORDER

MCSHANE, District Judge.

    Petitioner files this federal habeas Petition pursuant to 28 U.S.C. § 2254 challenging his convictions for attempted murder, robbery, assault, theft, and burglary. Petitioner claims that the State violated the terms of a plea agreement and that his counsel provided ineffective assistance by failing to seek specific performance of the agreement. The Oregon courts rejected Petitioner's claims in decisions that are entitled to deference, and the Petition is DENIED.

1 - OPINION AND ORDER

BACKGROUND

In December 2015, Petitioner was charged by indictment in Case No. 15CR58621 with two counts each of Attempted Aggravated Murder with a Firearm, Robbery in the First Degree with a Firearm, Assault in the Second Degree with a Firearm, and Theft in the First Degree; and one count each of Burglary in the First Degree with a Firearm, Felon in Possession of a Firearm and Burglary in the First Degree. Resp't Ex. 103.

In February 2016, Petitioner was charged by Amended Information in Case No. 16CR07249 with three counts of Burglary in the First Degree and one count of Unauthorized Use of a Vehicle. Resp't Ex. 106. Petitioner faced more than 360 months' imprisonment in Case No. 15CR58621 and more than 100 months' imprisonment in Case No. 16CR07249. Resp't Ex. 130 at 1.

Petitioner and the State participated in a judicial settlement conference and ultimately agreed to resolve both cases. Resp't Exs. 104, 107-08, 126. In Case No. 15CR8621, Petitioner agreed to plead guilty to one count each of Attempted Aggravated Murder, Assault in the Second Degree, Felon in Possession of a Firearm, and two counts of Burglary in the First Degree, and the State agreed to dismiss the remaining charges. Resp't Ex. 104. In Case No. 16CR07249, Petitioner agreed to waive indictment and plead guilty to the offenses as charged. *Id.*; Resp't Ex. 123.

The parties' agreement also provided that the State would recommend 240 months of imprisonment if Petitioner disclosed, with immunity, his involvement in other offenses and verified his disclosures with a polygraph examination. Resp't Ex. 108 at 9 (providing that the State's recommendation was "dependent upon" Petitioner's assistance "in identifying other crimes that he had committed, and if necessary…verifying his information that he provides by

2 - ORDER

polygraph examination or any other reasonable means"); *see also id.* (explaining that Petitioner would receive immunity from prosecution for disclosing other offenses that he committed); Resp't Ex. 109 at 4 (prosecutor's statement that the "sentencing range was dependent upon the Defendant providing information to the Salem Police Department and that information being verified by a polygraph examination"). The parties further agreed that the State would recommend a sentence of 286 months if Petitioner did not fully cooperate. Resp't Ex. 108 at 10.

On May 4, 2016, Petitioner met with Detective Burke and provided information that allowed the Salem Police Department to clear several burglary cases. Resp't Ex. 120 at 13. However, Petitioner denied responsibility for the armed robbery of an ARCO gas station, a robbery he was suspected of committing. *Id.* at 16. Detective Burke arranged for Petitioner to take a polygraph examination in accordance with the parties' agreement.

On May 6, 2016, a polygrapher questioned Petitioner about the ARCO robbery, and Petitioner answered that he heard about the robbery from another person in the neighborhood. *Id.* at 18-19. Petitioner again denied involvement in the ARCO robbery, and his answers were found to be consistent with deception and he failed the polygraph examination. *Id.* at 20.

At sentencing, the State explained that, although Petitioner's cooperation was not sufficient to warrant a 240-month sentencing recommendation, it had agreed to a modified sentencing recommendation of 274 months, rather than 286 months, to account for the information provided by Petitioner. Resp't Ex. 109 at 4-5. The trial court reviewed this recommendation with Petitioner and confirmed that he agreed with the proposed resolution. Resp't Ex. 109 at 6-8. The trial court imposed concurrent and consecutive sentences totaling 274 months of imprisonment.

3 - ORDER

Petitioner directly appealed, and appellate counsel could not identify an "arguably meritorious issue on appeal." Resp't Ex. 110. Accordingly, counsel filed a *Balfour* brief and Petitioner submitted a supporting pro se brief. *Id.; see also State v. Balfour*, 311 Or. 434 (1991). The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp't Exs. 113-14.

Petitioner then sought post-conviction relief (PCR) on several grounds, including breach of the parties' agreement and ineffective assistance of counsel arising from the alleged failure to seek specific performance of the agreement. Resp't Ex. 116. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 130, 135-36.

## DISCUSSION

Petitioner raises two Grounds for Relief in his Petition. Pet. at 6 (ECF No. 2).[1] In Ground One, Petitioner alleges that he was convicted in violation of his rights to due process, because the State breached the terms of the Plea Agreement by not recommending a 240-month term of imprisonment. In Ground Two, Petitioner claims that his trial counsel rendered ineffective assistance by failing to seek specific performance of the 240-month recommendation. Respondent maintains that the PCR court reasonably denied these claims in a decision that is entitled to deference.[2]

---

[1] Respondent argues that Petitioner failed to allege sufficient Grounds for Relief, because he relies on PCR briefing that is attached to his Petition. *See* Pet at 4. Construed liberally, I find that the Petition alleges the same two grounds that Petitioner raised on PCR appeal in the Oregon courts.

[2] Respondent also argues that Petitioner did not raise Ground One on direct appeal, and that the claim is unexhausted and barred from federal review as a result. However, Petitioner raised this ground as a claim in his PCR petition, and the PCR court denied the claim on the merits. Resp't Exs. 116, 130. On PCR appeal, Petitioner fairly presented this claim to the Oregon appellate courts, and I consider Ground One exhausted. Resp't Exs. 131, 134.

4 - ORDER

A federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *see Penry v. Johnson*, 532 U.S. 782, 793 (2001) ("even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable"). To meet this highly deferential standard, a petitioner must demonstrate that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

In his PCR proceeding, Petitioner argued that State the breached the parties' agreement by failing to recommend a 240-month sentence after Petitioner provided truthful information about several unsolved robberies. Petitioner also argued that his counsel was deficient by failing to argue that the State had breached the plea agreement and by failing to seek enforcement of the 240-month recommendation. Resp't Exs. 116, 117 at 14-15. The PCR court rejected both of Petitioner's claims and made the following findings:

> Counsel was not ineffective for not seeking specific enforcement by the prosecutor to recommend the 240-month plea agreement because petitioner breached the 240-month plea agreement. The record, the declaration by trial counsel and the affidavit by the prosecutor all confirm that petitioner did not fully

5 - ORDER

> cooperate with police, as was required by the plea agreement for the 240-month sentence. Because the plea agreement only provided for two options – a 240-month sentence or a 286-month sentence – and because Petitioner did not fully comply with the plea agreement, a motion to enforce the plea agreement would have likely resulted in a 286-month sentence. Instead, the prosecutor offered to modify the agreement to provide for a 274-month sentence because there had been partial compliance by the Petitioner. Petitioner agreed to the modification and so advised the court. Petitioner advised the court that he agreed with the modified agreement, that he had enough time to discuss it with his attorney, that his attorney had answered all of his questions and that he wanted to proceed with the agreed sentencing.…Trial counsel acted reasonably in not arguing to enforce the original plea agreement.
>
> Petitioner has also failed to prove prejudice. There is no evidence that making an argument to enforce the original plea agreement would have likely resulted in a 240-month sentence for the Petitioner. The judge's comments at the sentencing suggests that such an argument could have resulted in the 286-month sentence.

Resp't Ex. 130 at 2-3. The PCR court's decision was not objectively unreasonable.

As noted, the PCR court found that Petitioner, and not the State, breached the parties' agreement regarding a 240-month sentencing recommendation, because he failed to provide truthful information regarding the ARCO robbery. Resp't Ex. 130 at 2. In so finding, the PCR necessarily found that parties' agreement required Petitioner to pass the polygraph examination. This finding is reasonably supported by the record.

First, the parties agreed, on the record, that the 240-month recommendation was "dependent upon the Defendant and his desire and effort at assisting the Salem Police Department in identifying other crimes that he had committed, and if necessary and as determined by the detective, verifying his information that he provides by polygraph examination or any other reasonable means." Resp't Ex. 108 at 9. In other words, to obtain a 240-month sentence, Petitioner was required to "verify" the truthfulness of his information by passing a polygraph examination.

6 - ORDER

Second, the trial court, the prosecutor, and Petitioner's counsel all believed that Petitioner's failed polygraph meant that he did not meet the cooperation requirement for a 240-month recommendation. For example, the trial court remarked that the "terms of the agreement did provide for verification of that [information] by polygraph" and "[n]ot all of the information that was provided, and certainly that which appeared to be of most interest to the State, that was not verified." Resp't Ex. 109 at 5. The prosecutor likewise believed that Petitioner's polygraph failure "did not show substantial cooperation to warrant a recommendation" of 240 months. Resp't Ex. 128 at 4. And Petitioner's counsel understood that "sentencing would be subsequent to [Petitioner] satisfying the conditions of cooperation with police and passing the polygraph," and that Petitioner "failed the polygraph test, thus failing his end of the settlement." Resp't Ex. 127 at 2.

For the same reasons, the PCR court reasonably found that counsel was not deficient by failing to seek specific performance of the 240-month sentencing recommendation. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to establish deficient performance, a petitioner "must show that counsel's representations fell below an objective standard of reasonableness"). As the PCR court noted, reasonable counsel could have concluded that seeking specific performance was futile given Petitioner's failure to pass the polygraph requirement. *See Hernandez v. Chappell*, 923 F.3d 544, 557 (9th Cir. 2019) (reiterating that "the failure to take a futile action can never be deficient performance") (quoting *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996)). Further, the PCR reasonably found that seeking specific performance could have jeopardized the compromise offer of 274 months and resulted in the originally agreed sentence of 286 months. Resp't Ex. 130 at 2-3.

7 - ORDER

Finally, Petitioner cites no evidence in the record showing that a motion seeking specific performance would have succeeded, and the PCR court reasonably found that Petitioner failed to show prejudice arising from counsel's alleged deficient performance. *Strickland*, 466 U.S. at 694 (prejudice requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

In sum, PCR court did not unreasonably apply clearly established federal law when denying Petitioner's claims, and he is not entitled to federal habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). IT IS SO ORDERED.

DATED this 12th day of March, 2024.

                                                  s/Michael J. McShane  
                                                  MICHAEL J. MCSHANE  
                                                  United States District Judge